1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. BROWN INSURANCE, for itself and on behalf of all others similarly situated; MODERN HEARING SOLUTIONS OF CANTON, INC., for itself and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>PROGRESSIVE BUSINESS FUNDING, INC.,<br><br>          Defendant. | Case No.: 18CV2386-LAB(KSC)<br><br>**ORDER DENYING MOTION FOR FINDING OF CONTEMPT [DOC. NO. 1] & EX PARTE APPLICATION [DOC. NO. 10]** |

Currently pending before the Court is a Motion for Finding of Contempt and Order Compelling Enforcement of Subpoena Duces Tecum ("Motion for Finding of Contempt") filed by plaintiffs Virgil E. Brown Insurance and Modern Hearing Solutions of Canton, Inc. (jointly referred to hereafter as "plaintiffs"). Doc. No. 1. Plaintiffs' Motion for Finding of Contempt relates to a subpoena issued in an underlying action, also called *Virgil E. Brown Insurance, et al. v. Progressive Business Funding, Inc.*, Case No. 18CV0458-DAP, (the "Underlying Action") which was filed in the U.S. District Court for the Northern

District of Ohio. *Id.*, Ex. A. Plaintiffs request the Court find defendant Progressive Business Funding, Inc., against whom default judgment has been entered in the Underlying Action, be found in contempt for its failure to respond or otherwise timely comply with plaintiffs' subpoena. *Id.*, p. 3. Apparently dissatisfied with the pace of the Court's management of its very busy docket, plaintiffs then filed a second motion, captioned Ex Parte Application for Order to Show Cause re: Pending Motion to Compel Due to Defendant's Default; or Alternatively, to Set Hearing Date and/or Further Scheduling Order ("Ex Parte Application"), pursuant to which plaintiffs request the Court set a hearing date on their Motion for Finding of Contempt. Doc. No. 10. As explained below, plaintiffs' Motion for Finding of Contempt and Ex Parte Application are DENIED.

## *DISCUSSION*

Fed. R. Civ. P. 45 allows for the subpoena of documents from a non-party to a civil suit.[1] A subpoena served pursuant to Rule 45 must the state the court from which it issued, the title of the action and its civil number, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(i), (ii), and (iv). Serving a subpoena requires "delivering a copy to the named person," which is often interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1); see *Prescott v. Cnty. of Stanislaus*, No. 10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (a majority of courts interpreting "delivering" to require personal service). A subpoena commanding the production of documents, electronically stored information or tangible things requires the responding party to permit inspection, copying, testing or sampling of the materials at a location "within 100 miles of where the

---

[1] The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices, but do not indicate into which category a defaulted defendant falls. In the Ninth Circuit, however, a defaulted defendant is treated as a non-party for purposes of discovery. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (adopting the reasoning of *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (W.D.Wis. 2004).

person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(1)(D) & (b)(2)(A).

Here, the subpoena plaintiffs seek to enforce is procedurally defective for several reasons. Plaintiffs' subpoena does not include the text of Rule 45(d) and (e), as required, but rather includes the outdated requirements of Rule 45 (c), (d) and (e), which were amended and renumbered in 2013, as well as California Judicial Council form SUBP-025, which explains a responding party's obligations under state law and incorrectly identifies the Superior Court for the County of San Diego as the issuing court. Doc. No. 1, Ex. A, pp. 3 & 7.  Additionally, although the service address for the subpoena is a location in San Diego, plaintiffs command production be made to a law firm in Chicago, Illinois, well outside the 100 mile limit imposed by Rule 45(b)(2)(A).

Even if plaintiffs' subpoena was not defective on its face, plaintiffs' Motion for Finding of Contempt does not set forth a basis for the Court to grant the requested relief. Plaintiffs' Motion for Finding of Contempt offers no evidence to establish the individual served with the subpoena, Cozette Mann, of Tailored Legal, PC, located at 355 4th Avenue, San Diego, CA 92103, is an agent authorized to receive service of process on behalf of defendant, or that the requirements of Fed. R. Civ. P. 4(h) and the personal service requirements of Rule 45(b)(1) have otherwise been met.

Furthermore, plaintiffs do not even attempt to show the documents they seek are relevant to their claims and also proportional to the needs of the Underlying Action, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(1).

/ /

/ /

/ /

/ /

1      Based on the foregoing, plaintiffs' Motion for Finding of Contempt and Ex Parte

2  Application are DENIED.

3  Dated: March 26, 2019

4

5                           Hon. Karen S. Crawford
                          United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28